Date signed January 26, 2006



E. STEPHEN DERBY
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| ANNETTA ANNA JONES, | * | Case No. 05-23576-SD |
| | * | Chapter 13 |
| | * | |
| Debtor. | * | |
| | * | |

OPINION AS TO DEBTOR'S PROPOSED PLAN

The Debtor filed this case as a Chapter 7 case. When the U.S. Trustee determined there appeared to be grounds for dismissal under 11 U.S.C. § 707(b), the Debtor converted this case to Chapter 13.

Debtor is married, but her spouse is not a debtor under the Bankruptcy Code.

The Debtor has proposed a Chapter 13 Plan calling for payments of $276 per month for 36 months. Debtor's sole source of income is her Social Security payments in the amount of $276 per month. Her plan thus devotes 100% of her gross income to the plan, without any reduction for living expenses.

The Chapter 13 Trustee objects because the plan would result in only an estimated distribution to unsecured creditors of 9%. If the income of Debtor's spouse was included in family income, together with family expenses, to determine Debtor's disposable income, a much higher plan payment would be required.

It is certainly the practice in this District, supported by substantial case law around the country, to use total family income and total family expenses to determine disposable income available for an individual debtor's Chapter 13 plan. In fact, Official Form 6I Current Income of Individual Debtor(s) calls for disclosure of the income of both the debtor and the debtor's spouse. The logic is that total household expenses must be matched with total household income to determine fairly what disposable income of a debtor is available to support a plan.

All of Debtor's unsecured debts are credit cards, and none are joint. One claim secured by real estate has been filed that Debtor acknowledges is joint. It includes an installment payment due when Debtor filed her petition, although Debtor claims her spouse has been making all payments. Debtor's counsel represents Debtor intended to exclude all joint secured debt from her plan so her joint liability would not be discharged and joint secured debt would not be adversely affected by her plan.

Debtor's counsel argues that the income of Debtor's spouse should not be included in calculating the amount of her required plan payment. Section 1325(b)(1)(B) requires only that "the plan provides that all of _the debtor's_ projected disposable income. .. . will be applied to make payments. . . " (emphasis supplied) Counsel contends this requirement is fully satisfied because Debtor is devoting 100% of her gross income. Counsel also maintains that this 100%

2

commitment satisfies the requirements of Section 1325(a) for (1) compliance with Title 11, (2) good faith, and (3) best interests of creditors.

The court agrees on the unique facts of this case.  Only the debtor's income can be considered for determining substantial abuse under 11 U.S.C. § 707(b).  In re Rysso, 321 B.R. 522 (Bankr.D.Minn. 2005).  Since Debtor must amend her plan to exclude expressly joint secured claims, however, confirmation of Debtor's plan will be denied with leave to amend.


cc:     John K. Burkhardt, Esquire
        Ellen W. Cosby, Trustee
        Debtor
        U.S. Trustee

**End of Opinion**